**COBB et al. v. J. W. ALLEN & BRO.**
(No. 2434.)

(Court of Civil Appeals of Texas. Texarkana. July 1, 1921. Rehearing Denied July 2, 1921.)

**1. Mechanics' liens ⊙═══315—Contractor's bond held not available to materialmen.**

Where building contract did not provide for the payment of materialmen, and where the contractor's bond was not on its face made for the benefit of materialmen, a materialman could not recover on such bond, notwithstanding Vernon's Ann. Civ. St. Supp. 1918, art. 5623a, providing that the contractor's bond shall be conditioned for the payment of materialmen, and authorizing the materialmen to sue on such bond, since such statute means merely that if the owner shall contract with the contractor to have the contractor pay materialman, and shall give a bond for the performance of the terms of such contract, the materialman has the right to sue on the bond, regardless of whether the terms of the bond so specified.

**2. Constitutional law ⊙═══276—Mechanics' liens ⊙═══313—Statute relating to contractor's bond held void as interference with the right to contract.**

Vernon's Ann. Civ. St. Supp. 1918, art. 5623a, providing that a contractor's bond shall be conditioned for the true and faithful performance of the contract and the payment of all subcontractors, laborers, mechanics, and materialmen, and that such subcontractors and materialmen shall have the right to sue on the bond, regardless of whether their claims are secured by any lien, *held* void, as an unwarranted interference with the right to contract.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Suit by J. W. Allen & Bro. against Geo. T. Cobb, C. M. Godwin, B. J. Johnson, and H. B. Johnson on a contractor's bond. Judgment for plaintiffs, and the sureties on the bond appeal. Reversed as to Geo. T. Cobb, surety, and affirmed as to other defendants.

T. T. Thompson, of Clarksville, for appellants.

Austin S. Dodd, of Clarksville, for appellees.

LEVY, J. Godwin & Johnson, contractors, entered into a written contract with Mrs. J. C. Barton to erect a residence for her in accordance with certain plans and specifications, furnishing all material and labor for same. The contract price was $11,750, to be paid in partial payments as the progress of the work required, the owner to reserve until final completion and acceptance of the building 20 per cent. of the contract price. The contractors executed the following bond with sureties:

"The State of Texas, County of Red River.

"Know all men by these presents: That we, C. M. Godwin and Beacher Johnson of the city of Denton, Texas, and the city of McKinney, Texas, respectively, do hereby and herein acknowledge ourselves as principals together with the other signers hereto as sureties held and firmly bound unto Mrs. J. C. Barton of the city of Clarksville, Texas, in the sum of $2,000.00, two thousand dollars, for the payment of which well and truly to be made we bind ourselves severally and collectively, our heirs, executors and administrators, firmly by these presents.

"The condition of the above obligation are such that as the above bounden Godwin & Johnson have this day entered into contract with the said Mrs. J. C. Barton for the erection of certain residence building in accordance with plans and specifications mentioned in said contract, now if the said Godwin & Johnson shall faithfully carry out this contract to the full and complete satisfaction of the said Mrs. Barton, then this obligation shall become null and void, otherwise to remain in full force and effect.

"Witness our hands and seals this —— day of April, A. D. 1919.

"[Signed] Godwin & Johnson, Principals. [Seal.]

"[Signed] H. B. Johnson,
"[Signed] Geo. T. Cobb, Sureties. [Seal.]"

The appellee, a mercantile firm, furnished certain material to the contractors, which was used by them in erecting the residence. The contractors failed to pay for the material, and the appellee (the seller) brought this suit for the amount of the debt against them and the sureties on their bond. The court rendered judgment against all the defendants; and the sureties on the bond appeal, claiming that they are not liable because the bond is not a statutory, but a common-law, bond.

⊙═══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] The contract does not provide for the payment of materialmen, and the bond on its face is not made for the benefit of materialmen. The payment of materialmen is not a part of the contractual obligation of the parties. It is evident, then, that the contract and the bond are in the form we find them, because the parties merely elected to so contract, and not for the reason that they undertook to follow the statute or stipulate in respect to it. In order to hold, then, that the bond is made for the benefit of materialmen, and that they could recover on it, Vernon's Ann. Civ. St. Supp. 1918, article 5623a, would have to be read into the contract, if it can legally be injected into it. It is not thought that the act intends to make a contractual obligation for the parties that they did not contract themselves. The act, properly construed, means only that if the owner shall contract with the contractor to have the latter pay all materialmen and to give a bond for the performance of the terms of the contract, then such contract obligation to pay all materialmen inures also to the benefit of materialmen, and they have the right to sue on the bond regardless of whether or not the terms or wording of the bond so specify. And it would be a sufficient answer to appellee's claim that there is not any such voluntary agreement of the parties. That such is the fact sufficiently appears from the language of the contract.

[2] But another distinct ground exists in the case for denying a recovery against the sureties on the bond. This article of the statute has been held unconstitutional as an unwarranted interference with the right to contract. Hess v. Denman Lbr. Co., 218 S. W. 162, writ of error denied by Supreme Court (see Williams v. Baldwin [Com. App.] 228 S. W. at page 557). If this article of the statutes which it is claimed governs the contract and the rights of the parties in the bond, whether actually incorporated into the writing or not, as invalid, then such law cannot be made a part of such contracts. It is only a valid statute regulating contracts which is, by its own force, read into and made a part of such contracts. It is otherwise as to invalid statutes. Provisions cannot legally be forcibly inserted into contracts in obedience to an unconstitutional statute demanding their insertion. In Railway Co. v. State, 100 Tex. 420, 100 S. W. 766, the Supreme Court said:

"If the statute involved in this litigation is invalid, then the fact that the proceedings in the court are regular will not constitute it due process of law, by which the penalties denounced against the railroad company would be enforced."

This ruling of the Supreme Court is in effect that if a statute is unconstitutional in any respect any attempt to enforce it would be an infringement of the "due process" provision.

The judgment as to the surety George T. Cobb is reversed, and judgment is here rendered in his favor, with all costs of appeal and all costs incurred by him in the trial court, and against appellees. The defendants C. M. Godwin, B. J. Johnson, and H. B. Johnson not appealing, the judgment against them will remain undisturbed.

