## EQUITABLE SURETY CO. v. STEMMONS et al. (No. 8644.)

(Court of Civil Appeals of Texas. Dallas. April 1, 1922.)

**1. Principal and surety ⬤⇒101 (2)—Elimination from bond of void provision not material alteration releasing reinsurer.**

Elimination from contractor's bond of void provision requiring commencement of suit within 12 months after the breach of the contract did not release reinsurer, such elimination not being material alteration.

**2. Principal and surety ⬤⇒149—Provision of contractor's bond requiring commencement of suit within specified period held void.**

Provision of contractor's bond, requiring suit to be commenced within 12 months after the breach of the contract, held void, as an attempt to nullify the general law of limitations applicable to written contracts.

**3. Constitutional law ⬤⇒154(1)—Mechanics' liens ⬤⇒313—Statute specifying requirements of contractor's bond held to impair the obligation of contracts.**

Vernon's Ann. Civ. St. Supp. 1918, art. 5623a, requiring a bond in favor of owner, subcontractors, workmen, laborers, and materialmen, held to impair the obligation of contracts in violation of Const. art. 1, § 16.

**4. Principal and surety ⬤⇒101(2)—Elimination of provision making contractor's bond available only to owner held to release reinsurer.**

Elimination from contractor's bond of provision that no right of action should accrue thereon to party other than the owner, held to release reinsurer, the elimination of such provision constituting a material alteration of the bond.

**5. Principal and surety ⬤⇒55—Petition held to state cause of action for surety company against agents, for negligence in eliminating provisions from bond.**

In action by surety company against its agents, petition held sufficient, as against general demurrer, to state a cause of action against its agents for negligence, in eliminating from the bond provisions releasing reinsurer from liability, on the ground that elimination constituted a material alteration.

**6. Mechanics' liens ⬤⇒313—Bond voluntarily conforming to statute held not invalid, although statute invalid.**

If a contractor's bond, as accepted and acted upon by the parties, constituted an agree-

ment that the original surety and reinsurer were to be bound in the manner and to the extent which Vernon's Ann. Civ. St. Supp. 1918, art. 5623a, requires that such surety be bound, then, notwithstanding the unconstitutionality of the statute, the bond would be valid, if voluntary and not an agreement entered into under the compulsion of the statute's requirement.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by the Equitable Surety Company against L. A. Stemmons, W. L. Leeds, the Miller-Stemmons Company, and the Lion Bonding & Surety Company. Judgment of dismissal as to first three named defendants and for plaintiff against last-named defendant, and the plaintiff appeals. Reversed and remanded.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

Spence, Haven & Smithdeal and Albert B. Hall, all of Dallas, for appellees.

HAMILTON, J. C. F. Nelson, as a contractor, entered into a contract with the First Methodist Church of Coleman, Tex., for the erection of a church building. The written contract executed between the parties to this agreement provided, among other things, that the contractor should give a bond "that there are no liens or claims chargeable to said contractor, if required," and it was also agreed between the parties that the contractor should pay all just claims for labor and material furnished upon the work, whether established as liens or not. The contract stipulated that the bond to be executed by the contractor should comply with the conditions and stipulations of article 5623a of the Revised Civil Statutes of Texas, and that, when such bond had been executed in strict compliance with this enactment, the contract was to be in full force and effect. This agreement was dated August 4, 1915.

A bond signed by the Equitable Surety Company under its seal and by its attorney in fact, W. L. Leeds, was executed the 12th day of August, 1915, and recited that the parties should be bound to the First Methodist Church of Coleman and to the workmen, laborers, and mechanics and furnishers of material, as their interest might appear, in the amount of the bond, which was $10,700.

A reinsurance contract was executed between the Equitable Surety Company and the Lion Bonding & Surety Company, which was also dated the 12th day of August, 1915. The reinsurance contract referred to the original contract bond and made it a part of the reinsurance contract. The liability of the Lion Bonding & Surety Company, under the reinsurance contract, was limited to one-half of the original bond and the agreed proportion of expenses, etc.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This suit was instituted by Equitable Surety Company against L. A. Stemmons, W. L. Leeds, and Miller-Stemmons Company, and also the Lion Bonding & Surety Company, to recover the amount of reinsurance specified in the reinsurance contract. The Equitable Surety Company had sustained a loss on account of the bond and had called upon the Lion Bonding & Surety Company to make contribution. The latter, after having paid, under the reinsurance contract, $226.45 incurred as expenses, disclaimed liability, refused to pay any additional sum under the reinsurance contract, and sought to recover the $226.45 already paid by it, alleging that this sum had been paid through a mistake of fact, and also alleging that it was not liable under the reinsurance contract because certain material changes had been made in the bond with reference to, and in connection with, which the reinsurance contract was executed.

Appellant, Equitable Surety Company, sought to recover against Stemmons et al., and, in the alternative, against the Lion Bonding & Surety Company. It alleged that certain sections contained in the original bond, which it executed, had been deleted therefrom by appellees Stemmons et al. without its knowledge or consent, and without the knowledge or consent of Lion Bonding & Surety Company, after the bond had been executed by it and Nelson with those provisions therein. It was alleged that the removal of these provisions by Stemmons et al., while within the apparent scope of their authority as its agents, was in fact in excess of, and contrary to, the actual authority delegated to them in the matter, and that their act, in thus removing such provisions and executing a bond which did not contain them, was negligence, and the proximate cause of their damage in the sum for which they sued. In the alternative, it alleged that, if it was mistaken as to the legal effect of their acts and omissions complained about, then the Lion Bonding & Surety Company was liable to it on account of the reinsurance contract to the extent of one-half of the sum it had been compelled to pay under the terms of the bond.

Allegations were made disclosing that Nelson was insolvent and that a judgment against him would be without value.

It was alleged that the bond which Stemmons et al. were authorized to execute as agents of the Equitable Surety Company, and which was in fact executed by them, contained the following provisions:

"Fourth. That no right of action shall accrue upon or by reason hereof, to or for the use or benefit of any one other than the obligee herein named and that the obligation of the surety is, and shall be construed strictly as one of suretyship only, and shall be executed by the principal before delivery and shall not, nor shall any interest therein or right of action thereon, be assigned without the prior consent, in writing, of the surety. Sixth. That any suits at law or proceedings in equity brought on this bond to recover any claim hereunder, must be instituted within 12 months after the first breach of said contract."

It was alleged that, after the bond containing these provisions had been executed by the Equitable Surety Company, a reinsurance contract was forwarded to it by Stemmons et al., covering one-half of the liability, etc., on account of the bond, which had been executed by the Lion Bonding & Surety Company. It was further alleged that, without the knowledge and consent, either of the Equitable Surety Company or the Lion Bonding & Surety Company, Stemmons et al., acting beyond the scope of their authority, eliminated from the bond the above-quoted provisions and also, without the knowledge and consent of either of the surety companies, inserted therein as obligees, "subcontractors, workmen, mechanics, and furnishers of material, as their interest may appear."

The Lion Bonding & Surety Company denied all liability whatsoever because of the alleged alterations in the original bond, which, under their allegations, made it altogether a different undertaking from that which they agreed to incur liability upon as a reinsurer.

The allegations were met by Stemmons et al. with a general demurrer and various special exceptions, which were sustained by the court, and the suit as to these parties was dismissed.

The case was heard upon the merits as between the surety companies, and resulted in a judgment in favor of Equitable Surety Company against Lion Bonding & Surety Company, for the sum of $1,518.95.

Two principal questions are presented for consideration by the appeal. The first is whether or not the allegation that the elimination of that provision from the contract to the effect that no right of action should accrue upon the bond for the use of any one other than the church, and the insertion therein as obligees, "subcontractors," etc., constituted a material change in the obligation, that is, such a change as to import a different legal effect and liability from that arising from the bond with that provision inserted. The other question presented is that of the sufficiency of the pleading to show any liability against Stemmons et al., the agents, conceding that the change had the effect to alter the legal consequence of the instrument.

Appellees contend that the alterations alleged to have been made in the bond given the First Methodist Church of Coleman were immaterial, for the reason that they did not change the legal effect of the bond as originally written, and, therefore, did not release the reinsurer from its contract with the Eq-

uitable Bonding Company, because the provisions of article 5623a of Vernon's Civil Statutes of Texas make the legal effect of any bond taken by the owner of a building from a contractor to be that it shall bind the obligor to pay all subcontractors, workmen, laborers, mechanics, etc., as their interest may appear; that all of such persons shall have the right to sue upon the bond and that, regardless of the provisions or wording of any such bond, it shall guarantee the payment of all such claims.

In opposition to this attitude taken by appellees, appellant Lion Bonding & Surety Company insists that the statute upon which appellees thus rely is unconstitutional and void, and, for that reason, without any binding effect or legal consequence.

From the foregoing it becomes manifest that the first of the two questions submitted is determined by the test of the constitutionality of article 5623a of Vernon's Civil Statutes. If the provisions of that article render it a valid law harmonizing with the Constitution, then neither the elimination of the fourth section of the original bond nor the insertion therein of additional obligees, as above quoted, added to or detracted from, or otherwise modified the legal effect of the bond, and, accordingly, the claim that material alterations were made would be without any foundation.

[1-4] In passing, we think it necessary merely to state that the elimination of the provisions of the original bond, providing that any suit or proceedings in equity must be instituted within 12 months after breach of the contract, in no way affected the legal consequences flowing from the execution of the bond nor the liability of the surety companies thereon. This provision in the bond was a plain attempt upon the part of the surety company by contract to nullify the general law of limitation applicable to written contracts and was accordingly void and without force, and the elimination of it from the bond affords no basis for the contention that a material alteration was made. But, we think it necessary to hold that article 5623a of Vernon's Civil Statutes is in conflict with section 16 of article 1 of the Constitution of Texas, because it does impair the obligation of contracts and is therefore void.

We are unable to perceive any reason why the Legislature, in the exercise of its police power, or any power, however designated, can compel the sureties on a contract of this nature to be bound to an effect entirely different from that which their expressed intention in the contract discloses and render them liable against their express volition, to persons toward whom they expressly state they are assuming no liability in the contractual undertaking between them, and the obligee to whom they explicitly limit their liability. In undertaking, by virtue of the above-mentioned article, to extend the liability of the surety company to transactions and parties to whom the surety in the contract signed by it expressly declared it would not be liable, we think we would be violating a fundamental right protected and guaranteed by section 16 of article 1 of the Constitution. There has existed a conflict of holdings with reference to the validity of the statute among the Courts of Civil Appeals of the state, but the expressions of the Supreme Court, so far as that court has expressed an opinion about the statute, indicate to us that in its view, as in ours, the statute contravenes, in its entirety, the above-indicated provision of the Constitution.

Article 5623a is as follows:

"The owner, railroad, receiver or his agent shall take from every contractor described in this chapter a good and sufficient bond in the sum of at least the full amount of the contract price, where said contract price is equal to or less than one thousand dollars; three-fourths of the contract price where said contract price exceeds one thousand dollars, but does not exceed five thousand dollars; one-half of the contract price where said contract exceeds five thousand dollars, but does not exceed one hundred thousand dollars; and one-third of the contract price where said contract exceeds one thousand dollars, payable to the said owner, railroad or receiver. The condition of said bond shall be the true and faithful performance of the contract, and the payment of all subcontractors, workmen, laborers, mechanics and furnishers of material by the undertaker, contractor, master mechanic or engineer, the said bond to be made in favor of the owner, subcontractors, workmen, laborers, mechanics and furnishers of material as their interest may appear, all of whom shall have the right to sue upon said bond; and regardless of the provisions or wording of any such bond, said bond shall be construed by the courts, whether so specified or not, to guarantee the true and faithful performance of the contract and the payment of all claims of each and every subcontractor, workman, laborer, mechanic and furnisher of material against the undertaker, contractor, master mechanic or engineer, and it shall guarantee the payment of such claims, regardless of whether or not they are secured by any lien. Suit may be brought on said bond by the owner, subcontractor, workmen, laborers, mechanics and furnishers of materials, or any of them, and they and each of them shall have the right to recover on said bond in the same manner as if the bond were made payable directly to them. Suit on such bond may be brought in the county where the owner resides or where the work is performed and at any other place provided by law. No change or alteration in the plans, building, construction or method of payment shall in any way avoid or affect the liability on said bond, and the sureties on said bond shall be limited to such defenses only as the principal on said bond could make."

That portion of this statute requiring the owner of property to execute a bond has been

held to be unconstitutional by the Court of Civil Appeals of Texarkana. Hess v. Denman Co., 218 S. W. 162. The Supreme Court refused a writ of error in this case. In the case of Williams v. Baldwin, 228 S. W. 555, the Supreme Court held to be invalid and unconstitutional that portion of the statute providing that "no change or alteration in the plans, * * * method of payment," etc., shall affect the liability of the sureties on the bond, and in that case the provision of the statute here under consideration was declared to be at least of doubtful validity, although its constitutionality was not expressly passed upon for the reason that it was not necessary to a disposition of the case.

The Court of Civil Appeals at Amarillo, in the case of Wright v. McAdams Lbr. Co., 218 S. W. 571, held article 5623a to be constitutional. Thereafter the Supreme Court granted a writ of error in that case and, in reversing the decision of the Court of Civil Appeals, held the statute to be void and expressly declared that, because of alterations in the contract made before any material was furnished by materialmen, the sureties were released from liability to materialmen, notwithstanding the contract as originally made contained a provision for liability to materialmen and laborers conforming to the article of the statute in question here, just as the contract involved in this case contained such provision. Wright v. McAdams Lbr. Co. (Tex. Com. App.) 234 S. W. 878. The court expressly held to be invalid the feature of the statute providing that no change of plans, etc., should affect the liability on the bond. In the case of Cobb v. Allen, 231 S. W. 829, the Court of Civil Appeals of Texarkana held to be void the provision making materialmen, mechanics, etc., obligees, regardless of whether or not the bond so provided.

On the other hand, the San Antonio Court of Civil Appeals, in the case of American Indemnity Co. v. Burrows Hdw. Co., 191 S. W. 574, has declared the act to be valid and constitutional. This case appears never to have reached the Supreme Court. The effect of this opinion was to declare the statute valid and constitutional as an entirety. We regard the action and expressions of the Supreme Court with reference to the abovementioned cases, subsequently considered by it, as nullifying the effect of the decision in the case of American Indemnity Co. v. Burrows Hdw. Co., and hence we do not regard it as having any controlling application to this case.

[5] This disposes of the first question with the consideration of which we are confronted on the appeal, and brings us to a consideration of the second one, which is, notwithstanding the materiality of the changes in the contract, relied upon by the bonding companies as the basis of their respective claims: Are the allegations of liability directed against appellees Stemmons et al., nevertheless good as against a general demurrer? The pleadings do not disclose any special exception attacking the sufficiency of the allegations of negligence made against them. The allegations, in substance, were that Stemmons et al. were confined in the authority given them to execute a bond with the provisions in it which were removed therefrom and without the names of the classes of obligees which were therein inserted, and that they were given no authority to execute any other character of bond; that with reference to the changes and alterations they acted willfully, wrongfully, and negligently; that the changes were made after the bond had already been accepted and approved by appellants; or, in the alternative, that, if the bond was originally executed by the agent Stemmons et al., in the form in which it appears in the record, then the fact that it was in this form and contained the substance therein recited, was suppressed and concealed from appellants. These allegations, although general and vague, were, we think, not obnoxious to a general demurrer and are sufficient to admit evidence of negligence and perversity upon the part of Stemmons et al. in the transaction, so as to render them liable for damages.

The foregoing disposes of the case as presented to us. We have considered it only upon propositions relating to the pleadings, and incidentally involving the constitutionality of the article of the statute above discussed. The contentions of the parties to the appeal revolve around questions pertaining exclusively to these features, and this circumstance has rendered it unnecessary for us to make any reference to the statement of facts developed upon the issues as to the merits of the case between the two surety companies.

[6] Of course, if the original bond, as accepted and acted upon by all the parties, constituted an agreement that the original surety and the reinsurer were to be bound in the manner and to the extent which article 5623a requires that such surety shall be bound, then, such being their undertaking, it is a valid and enforceable one. Texas Glass & Paint Co. v. Crowdus, 108 Tex. 346, 193 S. W. 1072. But this must be perforce of the agreement without regard to the statute and not an agreement entered into under the compulsion of the statute's requirement. Williams v. Baldwin, supra; Cleveland v. Clements Bros., 67 Ohio St. 197, 65 N. E. 885, 59 L. R. A. 775, 93 Am. St. Rep. 670.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.