### AMERICAN EMPLOYERS' INS. CO. v. HOOKFIN et al.

No. 9471.

Court of Civil Appeals of Texas.· Galveston.

Dec. 4, 1930.

Rehearing Denied Dec. 24, 1930.

King, Wood & Morrow, of Houston, for appellant.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellee Union Indemnity Co.

Fred L. Perkins and Teagle & Benbow, all of Houston, for appellee Hookfin.

GRAVES, J.

The learned trial court filed these conclusions of fact and law, as in support of its judgment in this cause:

"1. I find that Joe Hookfin on and prior to the 7th day of January, 1929, was an employee of Moller and Roberts and was earning a wage of 40¢ per hour and that said sum was the usual and customary wage paid to an employee of that class in Harris and Galveston counties, Texas, and that the average weekly wage of said employee and that class of employees during the whole year was the sum of $23.08 per week and that 60% of said sum is the sum of $13.80 per week.

"2. I find that said Moller and Roberts had more than three employees in their service and were such employers as is contemplated to be covered and included in the Texas Workmen's Compensation Act.

"That on said 7th day of January, 1929, and prior thereto, said Moller and Roberts had taken out Workmen's Compensation In-surance under the Texas Law and had received a policy of insurance under said law from the Union Indemnity Company and another from the American Employers Insurance Company. I find that it was not contemplated by Moller and Roberts nor by the Union Indemnity Company to cover employees in Harris County, Texas, that were engaged in what was known as the Harris County job, and that such employees were not covered by the Union Indemnity Company, and find that the policy of the American Employers Insurance Company was issued by the Company and received by Moller and Roberts for the purpose of covering the employees on the Harris County job. That the premium for said policy with the American Employers Insurance Company was based on the payroll of the employees on the Harris County job and that the premium covering Joe Hookfin was paid to the American Employers Insurance Company and no premium on him nor for his coverage was paid to the Union Indemnity Company.

"3. I find that Joe Hookfin received injuries in the course of his employment with Moller and Roberts on or about the 7th day of January, 1929, and that Cora Hookfin, the plaintiff, is his surviving wife, that there were no children of said marriage or any prior marriage of Joe Hookfin, and that said Cora Hookfin is the sole beneficiary.

"4. I find that an award was made in her favor by the State Industrial Accident Board on the 20th day of May, 1929, from which an appeal was duly perfected by the Union Indemnity Company and by Cora Hookfin, and that all proper notice of the claim of injuries and death and the proper notice of appeal were given and that all parties are now properly before this court. I also find that Joe Hookfin sustained said injuries in Galveston County, Texas, and died on the same day.

"5. I find that Cora Hookfin is without means and is making an inadequate wage to properly support her, and that a hardship and injustice will result to her in the event a lump sum settlement is denied.

"6. I find that by agreement of the parties 6% discount is the usual and proper discount to allow in the case of a lump sum settlement; that 47 weeks compensation at $13.80 per week has accrued to this date on which the plaintiff is entitled to recover 6% interest and that the balance of 217 weeks, after allowing 6% discount, amounts to the sum of $3679.94, which added to the accrued compensation and interest makes a total sum of $4,283.94, which said Cora Hookfin is entitled to recover of the American Employers Insurance Company.

"Conclusions of Law.

"I find that as a matter of law that Cora Hookfin is entitled to recover 360 weeks com-

pensation at $13.80 per week of and from the American Employers Insurance Company. That she is not entitled to recover anything of the Union Indemnity Company and that the American Employers Insurance Company is not entitled to recover anything by reason of its cross-action against the Union Indemnity Company and that the Union Indemnity Company should go hence without day and recover its costs against the said American Employers Insurance Company.

"I further find that the amount adjudged to Cora Hookfin should be paid in a lump sum by the American Employers Insurance Company with 6% interest from the date of the judgment rendered herein.

"I find that Fred L. Perkins, attorney, has a contract in writing with Cora Hookfin by the terms of which he is to receive one-third of any sum awarded to her; that said sum is a fair and reasonable fee and that said Perkins is entitled to recover of the American Employers Insurance Company one-third of the amount of the judgment rendered herein."

Appellant, through many assignments, assails in this court the judgment so rendered against it below in response to the stated considerations, upon grounds that may, in material substance, be thus summarized:

(1) The trial court had no jurisdiction to entertain the cause as against it at all, the undisputed evidence showing that appellee never filed a claim for compensation on account of Joe Hookfin's death with the Industrial Accident Board of Texas against it, but filed her claim against the Employers' Liability Assurance Corporation, Limited, a different insurance corporation altogether, that was not even a party to this suit.

(2) There was no support in the appellee's pleading or in the testimony for the finding that Joe Hookfin's average weekly wage was $23.08; if the undisputed evidence received could be considered sufficient to establish an average weekly wage for him in any amount, it could in no event have been more than $21.92, 60 per cent. of which would have been only $13.16, and not the $13.80 upon which the recovery was based, wherefore there was an excess allowed of approximately $200.

(3) The court was without authority to award the appellee the lump-sum settlement it did of the claimed compensation, there being no testimony establishing that manifest hardship and injustice would otherwise have resulted to her.

(4) Two policies of compensation insurance having been issued to Joe Hookfin's employers, Moller and Roberts, general road-paving contractors operating in Harris, Galveston, and Wharton counties, one by appellant covering the firm's employees engaged in work in "Houston, Harris County, Texas," the other by the appellee Union Indemnity Company, covering such employees engaged in work in "Galveston, and elsewhere in the State of Texas," both policies severally containing the provision that, should there be extant additional insurance covering the same risk, the insurer should only be liable for its pro rata part of the whole amount of valid and collectible insurance, and there being no contention that appellant's policy did not cover Joe Hookfin, the appellee Union Company's policy likewise covered him, in consequence of which appellant was in no event liable for more than one-half of the compensation due his beneficiary.

(5) The oral testimony heard as to its having been not only the mutual intention of the appellee Union Indemnity Company and of Moller & Roberts in entering into the former's contract of insurance that it should not cover the latter's Harris county employees, but also as to their having later in like manner so construed and acted under it, was inadmissible as tending to vary, modify, and restrict the terms of a written instrument that was not ambiguous but plain in meaning on its face, there having been neither pleading nor proof of any fraud, accident, or mistake in the issuance thereof.

In the state of the record, we conclude that none of these presentments should be sustained, save the claim for a $200 excess in the recovery permitted.

The case as so tried and decided below was a consolidation of separate suits filed there against appellant by each of the appellees here, Cora Hookfin and Union Indemnity Company, as on a resort to the court from a decision of the Industrial Accident Board, and looking to the setting aside of a decision of that body whereby she had been given as compensation for her husband's death in the circumstances recited in the quoted findings a joint award of $13.85 per week for 360 weeks against appellant and appellee Indemnity Company, but denied a lump-sum settlement against either, she complaining of the refusal to require both insurance carriers to redeem such joint liability to her in a lump sum, the Indemnity Company protesting against its having been held liable at all.

■ It is true, as appellant asserts, that the claim for this compensation filed by Cora Hookfin with the Industrial Accident Board was addressed to the Employers' Liability Assurance Corporation, Limited, a separate and distinct corporation from appellant, but, presumably at least, from the facts otherwise appearing in this record, that was a mere inadvertence. It is equally true that the claim as so originally filed was not addressed to the appellee Union Indemnity Company either, but the unchallenged record further shows not only that both these corporations were parties to the hearing before and judgment by the board, but also, in the

language of the above fourth finding of the facts appearing on this trial, "that an award was made in her favor by the State Industrial Accident Board on the 20th day of May, 1929, from which an appeal was duly perfected by the Union Indemnity Company and by Cora Hookfin, and that all proper notice of the claim of injuries and death, and the proper notice of appeal were given, and that all parties are now properly before this court."

Since neither the other record-showing of essentially the same thing, nor this specific finding as a fact that appellant was given "all proper notice of the claim of injuries and death," was in any way attacked or impeached, it is futile to yet argue that jurisdiction over appellant did not exist for the want of such notice to it.

█ █ As affects the claim that there was insufficient evidence on which to base any finding as to what Joe Hookfin's average weekly wage was, we think the contrary clearly appears, in that, while he had been employed only a few weeks, or 26 days, the evidence was amply sufficient to sustain the court's finding that $4 per day was the usual and customary wage to employees in his class of work—a common laborer and chauffeur— in that vicinity during the course of a full year; Mr. Roberts, one of his employers, so directly testified, offering in connection therewith a résumé of what had been paid Hookfin, and saying:

"This statement showed the total of $99.80 paid Joe Hookfin for the 26 days work, which would make an average of a fraction over $3.80 per day. That is a fair average of the wages earned by that class of employees during the whole period of our work. * * *

"We have been engaged in that general line of work for the past four years, in Galveston, Harris, and Wharton Counties, Texas."

While there was much more of it, that testimony alone was sufficient, and plainly differentiates the case thus made from the Singleton Case (Tex. Com. App.) 24 S.W.(2d) 26, so much relied upon by appellant on this issue; in that cause the only testimony on the question was as to the number of weeks the employee had worked and the amount of wages he had received, there having been no effort whatever to prove that such amount was the usual and customary wage paid in that vicinity for that class of work; the Supreme Court reversed the judgment because of such total lack of evidence, there being at the same time no other rule or basis presented on which to reasonably predicate any finding of an average weekly wage.

The fact that Moller & Roberts, Hookfin's employers, had not had in their own employ the class of labor to which he belonged for a full year, is beside the mark, the material inquiry being whether or not they knew what the usual and customary wage of such workers in that vicinity was; they said they did, and testified to what it was, having been engaged in that general line of work in the three counties named for the four years preceding this casualty, and no contradiction appears. R. S. art. 8309, § 1, subd. 2.

However, since Hookfin did not work substantially the whole of the year immediately preceding his injury, his average weekly wage must be determined in accordance with section 1, subd. 2 of cited article 8309, and applying the rule therein prescribed—that is, multiplying his average daily wage by 300, and dividing that by 52—since he earned a fraction over $3.80 per day, his resulting average weekly wage would only amount to $21.92 (not to the $23.08 found by the trial court), 60 per cent. of which would be $13.16, instead of the $13.80 likewise so found; based upon that rate, the appellee's total recovery should have been about $4,805.00, or approximately $200 less than she received.

█ No abuse of the discretion vested in the trial court under R. S. art. 8306, sections 15 and 15a, in decreeing a lump-sum settlement appears in this instance, that being the applicable rule of law on the question raised on this feature, Lumberman's etc., v. Behnken (Tex. Civ. App.) 226 S. W. 154; Texas, etc., v. Boudreaux (Tex. Civ. App.) 213 S. W. 674, 676; the evidence showed the appellee to be in poor health, that she had only been earning the small sum of not more than $18 per month, out of which she had to pay practically one-half as much for room rent alone, then clothe, and otherwise support herself from the balance; that she was wholly without other means of any kind, having neither property nor children to assist her, and was dependent upon herself. In such circumstances we cannot say it exceeded a wise discretion to require appellant, which received therein the benefit of the agreed 6 per cent. discount, to redeem its liability to her in a lump sum.

█ █ The oral testimony from Moller & Roberts and the representatives of the appellee Indemnity Company, to the effect that the latter's policy for the benefit of the former's employees, as mutually construed and acted under by them, neither did nor had been intended to cover those engaged on the Harris County job, as Joe Hookfin admittedly was at the time of his injury, was clearly admissible, we think, and being so, supported the quoted findings of both fact and law holding appellant solely liable for the whole compensation and excusing the indemnity company; nothing in the Compensation Law inhibited the parties to the indemnity company's policy from therein covering a separate and distinct group of employees from those covered by appellant's policy (U. S., etc., v. Bullard [Tex. Civ. App.] 245 S. W. 720, 722; Georgia,

etc., v. Jacobs, 56 Tex. 366), hence if upon no other consideration, such testimony was receivable because the expression in the former "and elsewhere in the State of Texas" left indefinite and uncertain the place where it was to be operative (20 Corpus Juris, 402; Brown v. Jones, 4 Fed. Cas. 404, No. 2,017).

There was, therefore, no double insurance in this instance, and under the very terms of the two policies involved, appellant was exclusively liable for the full amount of the compensation found to be due, there being furthermore no privity of contract whatever between it and the Union Company with reference to this risk.

Further discussion is deemed unnecessary, as these conclusions determine the merits of the appeal; they require the reformation of the trial court's judgment by the deduction therefrom of $200, and an affirmance thereof for the remaining balance; that order has been entered.

Reformed and affirmed.