## ASSOCIATED EMPLOYERS' RECIPROCAL et al. v. BROWN et al.

No. 3936.

Court of Civil Appeals of Texas. Amarillo.
Dec. 14, 1932.

Rehearing Denied Jan. 18, 1933.

484

Levy & Evans, of Fort Worth, for plaintiffs in error.

Smith & Smith, of Anson, for defendants in error.

HALL, C. J.

The defendant in error Brown was an employee of Texas Cement Plaster Company in Fisher county, and while so employed, and in the discharge of his duties, he was injured. It is alleged that on March 6, 1919, he was engaged in soldering a gasoline tank which exploded, resulting in injuries to his left leg, dislocating his left knee joint and the hip joint, and destroying the muscles and nerves of his knee and hip. He further alleged that his injuries were total and permanent. His claim for compensation was filed with the Industrial Accident Board March 24, 1919, but there was no hearing and no award until July 24, 1930, when the board awarded him $1,068.60, based upon a finding of total disability for a period of 20 weeks which was followed by permanent partial incapacity to the extent of 25 per cent. as related to his leg, for which he was allowed compensation for an additional period of 180 weeks. The award included his attorneys, who were made parties to the suit.

Within due time the Associated Employers' Reciprocal filed this action in Jones county to set aside the award of the board. Thereafter the case was transferred to Fisher county, where Brown and his attorneys filed their answer and cross-action.

In the original answer and cross-action it was alleged that Brown's employer was carrying insurance with the Texas Indemnity Exchange; that the liability claimed against Associated Employers Reciprocal was by reason of the fact that the latter had assumed all the obligation of the Texas Indemnity Exchange. In the amended answer filed by Brown et al., it was alleged that the Texas Indemnity Exchange was carrying the insurance on the employees of the Texas Cement Plaster Company at the time of Brown's injury, and that liability was claimed against the Associated Employers' Reciprocal because the latter had taken over and assumed the obligations of the original insurer on the identical policy involved in this suit. After announcement of ready for trial, these allegations were changed so as to eliminate all reference to the Texas Indemnity Exchange.

The case was submitted to the jury upon special issues, in response to which the jury found: (1) That the Associated Employers' Reciprocal was carrying the insurance upon the employees of the Texas Cement Plaster Company at the time Brown was injured; (2) that Brown sustained an injury on the 6th day of March, 1919, which resulted in his total incapacity; (3) that his total incapacity is permanent; (7) that his average weekly wage at the time of the injury was $26.84.

From a judgment entered in accordance with the findings, the Associated Employers' Reciprocal brings the case to this court for review.

It is first contended that the plaintiff in error was entitled to an instructed verdict because: (a) The claim against it was asserted in this suit as an original proposition without having been asserted before the Industrial Accident Board; and (b) there was no proof of the issuance or existence of a policy of workmen's compensation insurance issued by the plaintiff in error.

This contention is without merit. The record shows that plaintiff in error appeared before the Industrial Accident Board and was heard as the real insurance carrier. The award of the board recites that the policy of compensation was carried by the plaster company with the plaintiff in error, and the Texas Indemnity Exchange nowhere appears in the final judgment of the board. The record fails to show any objection made to the amendment at the trial of defendant in error's pleadings by means of erasures and interlineations. There was no verified pleading asserting a defect of parties plaintiff or defendant as required by R. S. art. 2010, and it is too late to raise the issue here. American Employers' Ins. Co. v. Hookfin (Tex. Civ. App.) 33 S.W.(2d) 801.

The third and fourth propositions challenge the sufficiency of the evidence to justify the court in submitting to the jury special issue No. 1 which called for a finding by the jury as to the existence of a policy issued by plaintiff in error.

This contention is overruled. Brown testified that the plaintiff in error had made

several payments to him, aggregating $135. This evidence is admissible for the purpose of showing the fact that the plaintiff in error was also the insurance carrier. It was not necessary for the policy itself to be introduced in evidence because the law fixes the terms of such a policy and only slight evidence is necessary upon that issue. That plaintiff in error had paid Brown part of the compensation is sufficient to support the finding of the jury in response to special issue No. 1. Georgia Casualty Co. v. Ginn (Tex. Civ. App.) 272 S. W. 601; Independence Indemnity Co. v. Polk (Tex. Civ. App.) 14 S.W. (2d) 330; Barron v. Texas Employers' Insurance Association (Tex. Com. App.) 36 S.W. (2d) 464; Zurich General Accident & Liability Ins. Co. v. Thompson (Tex. Civ. App.) 47 S.W.(2d) 663.

■■ Complaint is made of the action of the court in permitting Brown to testify as to conversations with Massingill and to prove by Brown that Massingill represented the plaintiff in error during negotiations for settlement. The declarations of Massingill were not admissible to prove his agency, and the court erred in admitting this testimony without further proof of that fact; but the error would not work a reversal since it further appears that the plaintiff in error was the real insurance carrier. We think the evidence is sufficient to sustain the finding of the jury as to the incapacity of the claimant and its permanency, and we are not authorized to disturb that finding.

Brown alleged the nature of his injuries to be as follows: "Broke his left leg in several places, bruising and dislocating his left knee joint and left hip joint, injuring and almost destroying the muscles and nerves and fibres in defendant's left leg, knee and hip, which produced and caused a total injury to this defendant which is a total and permanent injury and has rendered this defendant unable to do and perform manual labor without suffering great pain and anguish and has destroyed this defendant's ability to perform any kind of manual labor or to earn a support for himself and family without undergoing great pain and suffering."

While Dr. Pardue, a witness for Brown, was testifying, he was permitted, over the objections of plaintiff in error, to say that the injuries to Brown had resulted in injury to his veins, circulatory system, and the condition of blood in his left leg, and that as a result of the imperfect circulatory condition there would be stagnant circulation in that area, and the amount of stagnation might ultimately cause a clot on the brain or result in "phlebitis inflammation"; that it might infect his entire system and he might have gangrene, manifesting itself in other portions of his body than in his leg, requiring amputations; that gangrene in another part of his body might result in death.

■ We sustain this proposition. The allegations were not broad and specific enough to admit any such testimony, and the conclusion is unavoidable that it had its effect upon the jury. South Plains Coaches, Inc. v. Behringer (Tex. Civ. App.) 4 S.W.(2d) 1003. The general rule is that injuries must be specifically alleged and described and that evidence of other injuries is not admissible unless they are the natural and proximate result of the injuries alleged. It will be observed that Dr. Pardue stated that stagnant circulation might ultimately cause a clot on the brain, phlebitis, or gangrene, or require amputations; but he does not say that these results would naturally and proximately follow the injuries. In the absence of specific allegations, it was reversible error to admit this testimony. G., C. & S. F. Ry. v. McMannewitz, 70 Tex. 73, 8 S. W. 66; T. & P. Ry. v. Curry, 64 Tex. 85; Ft. W. & Rio G. Ry. v. White (Tex. Civ. App.) 51 S. W. 855.

■ The next contention to be considered is that the pleadings and evidence were such as to require the submission to the jury of an issue embodying the theory that any right of recovery was limited by the specific injury schedule in the Compensation Act.

It may be that the allegations of the cross-petition could be construed as setting up a total loss of the use of the left leg, but no such specific allegation is made and the testimony of Brown and his doctor, Pardue, did not authorize the submission of any such issue.

■ The judgment recites that Brown is entitled to recover 60 per cent. of $26.84 per week for a period of 400 weeks, and fails to credit the amount of his recovery with $135 which he acknowledges he has received. This suit was filed in March, 1919. The maximum rate of compensation fixed by article 5246h et seq., Vernon's Sayles' Ann. Civ. St. 1914 was $15 per week. This article was subsequently amended in 1923 (chapter 177), increasing the maximum rate, and the judgment awards Brown a recovery under the 1923 act. This is error.

Article 1, § 16, of the Constitution provides that no law shall be passed impairing the obligation of contracts. By virtue of the statutes fixing rights of parties under the Workmen's Compensation Law, the legal relation of the employer, employee, and insurance carrier is contractual in its nature, and the provisions of the Compensation Act which are not remedial become a part of the contract. Patton v. New Amsterdam Casualty Co. (Tex. Com. App.) 36 S.W.(2d) 1000; Oilmen's Reciprocal Association v. Franklin, 116 Tex. 59, 286 S. W. 195. By the terms of the statute in force at the time the policy in this case was issued, $15 per week was the maximum amount which could be recovered, and the rights of Brown as to the amount of recovery

is governed by that act. The effect of the amendment, if applied, would be to impair the obligations of the original contract, which cannot be done. Dallas County Levee Improvement District v. Rugel (Tex. Com. App.) 36 S.W.(2d) 188; Equitable Surety Co. v. Stemmons (Tex. Civ. App.) 239 S. W. 1037; City of Aransas Pass v. Keeling, 112 Tex. 339, 247 S. W. 818.

██ ██ It appears that the appellant company has been placed in the hands of a receiver appointed by the federal court since this suit was filed. The receiver filed no answer in this case, and the judgment does not recite that he was served. Without service of process or an appearance, of course, the judgment as to him would be void. It was not necessary for the plaintiff to procure the consent of the federal court to make the receiver Chappel a party to the action. We are of the opinion, however, if he has been properly made a party, that the judgment as entered is correct. On account of the unsatisfactory condition of the record, we are not able to definitely decide that question.

For the reasons above stated, the judgment is reversed, and the cause is remanded.