## TEXAS EMPLOYERS' INS. ASS'N v. FUSSELL et al.   (No. 1627.)*

Court of Civil Appeals of Texas. Beaumont. Dec. 13, 1927.

Rehearing Denied Dec. 21, 1927.

**1. Master and servant** ⬤⇒417(4½)—**Notice to employee's attorney does not dispense with necessity of serving notice on employee of insurer's dissatisfaction with compensation award; "adverse party" (Vernon's Ann. Civ. St. 1925, art. 8307, § 5).**

Personal notice to employee's attorney of record that insurer is unwilling to abide by award of Industrial Accident Board does not dispense with necessity of serving personal notice on employee himself of insurer's dissatisfaction with award and its intention to file suit to set award aside; employee's attorney not being an "adverse party" on whom notice is required to be served under Vernon's Ann. Civ. St. 1925, art. 8307, § 5.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Adverse Party.]

**2. Master and servant** ⬤⇒417(4½)—**Act dispensing with necessity of notice to employee of insurer's dissatisfaction with compensation award held inapplicable to prior cases (Act 40th Leg. 1927, c. 223).**

Act 40th Leg. 1927, c. 223, dispensing with necessity of personal notice to adverse party of dissatisfaction with award of Industrial Accident Board and of intention to file suit to set award aside, is not available to compensation insurer where act was not in effect at time employee sustained injury, nor at time of board's decision and award, nor at time insurer was required to give such notice, giving of such notice, though relating to procedure, being jurisdictional.

**3. Master and servant** ⬤⇒417(4½)—**Time for serving employee with notice of appeal from compensation award will be extended, where insurer was unable to locate employee.**

Where, during 20-day period following Industrial Accident Board's award of compensation, insurer used all reasonable diligence to serve employee with personal notice of its dissatisfaction with award and of its intention to file suit to set award aside, and was unable to locate employee, who was absent from state during portion of such 20-day period, the time for serving employee with such notice should be extended reasonable length of time beyond said 20-day period.

**4. Master and servant** ⬤⇒417(4½)—**Insurer filing suit to set aside award and serving citation on employee need not serve notice of intention to appeal.**

Where insurer, after using reasonable diligence to locate employee for purpose of serving him with personal notice of insurer's dissatisfaction with compensation award and of its intention to file suit to set it aside, filed suit within such 20-day period and employee was immediately thereafter served with citation in suit, it was not necessary for insurer to also give employee separate personal notice of intention to appeal from award.

**5. Appeal and error** ⬤⇒767(1)—**Appellant's brief will not be stricken because filed too late, where no prejudice resulted to appellee.**

Appellant's brief will not be stricken on appellee's motion because filed too late, where failure to timely file brief in no way prejudiced appellee, who filed brief wherein it was stated that it covered entire case.

Appeal from District Court, Liberty County; Thos. B. Coe, Judge.

Suit by the Texas Employers' Insurance Association against M. L. Fussell and another to set aside an award and final decision of the Industrial Accident Board awarding defendant compensation as an employee under the Texas Employers' Liability Act. From a judgment dismissing the suit for want of jurisdiction, plaintiff appeals. Reversed and remanded for trial.

Morris, Sewell & Morris, of Houston, for appellant.

Chas. Jack Shipp, of Cleveland, for appellees.

HIGHTOWER, C. J. This suit was filed by appellant, Texas Employers' Insurance Association, against the appellee, M. S. Fussell, and his attorney, Hon. Charles Jack Shipp, in the district court of Liberty county, to set aside an award and final decision of the Industrial Accident Board of this state, awarding to appellee compensation as an employee under the Employers' Liability Act of this state (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), and apportioning a certain per cent. thereof to appellee's said attorney for his legal services in behalf of appellee in connection with his claim for compensation.

Appellee answered by plea to the jurisdiction of the court to hear and determine this suit, on the ground that appellant had failed to give appellee personal notice within 20 days after the date of the award that appellant was dissatisfied with the award and was

unwilling to abide by it, and that it would file suit in a court of competent jurisdiction to set the award aside. Appellee then further answered interposing a number of special exceptions, none of which are before us, by general denial, and then filed the usual cross-action against appellant.

The trial court sustained appellee's plea to the jurisdiction of the court and dismissed the case for want of jurisdiction, and from that order appellant has prosecuted this appeal.

There is no statement of facts in the record; but at the request of appellant the trial court filed findings of fact and conclusions of law, as follows:

"Findings of Fact.

(1) "I find that on the 11th day of April, 1927, the Industrial Accident Board of the state of Texas made and entered its final ruling, decision, and award wherein it ordered and directed the plaintiff to pay to the defendants M. L. Fussell and his attorney, Chas. Jack Shipp, certain compensation at the rate of $16.58 per week, beginning on the 31st day of August, 1926, and continuing such weekly payments in the future until and unless altered, changed, modified, or terminated by subsequent agreement between the parties, in accordance with the terms and provisions of the Employers' Liability Act, and subject to the approval of the Industrial Accident Board, or unless altered, changed, modified, or terminated by subsequent order, award, judgment or decree of the Industrial Accident Board, but in no event to continue longer than two hundred (200) weeks after August 31, 1926, less credit for all sums theretofore paid. Such award was made because of said defendant Fussell's claim that he was injured in the course of his employment in Liberty county, Tex., on or about the 23d day of August, 1926. That said award was apportioned so as to allow Chas. Jack Shipp 15 per cent. of the first $1,000 and 10 per cent. of all amounts in excess of $1,000, the balance of such award to be paid to the defendant M. L. Fussell. That the defendant's claim was for a sum in excess of $500, and the award if paid would amount to more than $500."

(2) "I find that within twenty (20) days after the rendition of said final ruling and decision above mentioned, plaintiff gave personal notice to the Industrial Accident Board of Texas by causing to be delivered to Mrs. Espa Standord, one of the members of said board, a written notice that plaintiff would not abide by such final ruling, decision, and award, and that it would bring suit in a court of competent jurisdiction to set same aside within 20 days after the giving of such notice; such notice being served on the said Mrs. Espa Standord, one of the members of said board, a written notice that plaintiff would not abide by such final ruling, decision, and award and that it would bring suit in a court of competent jurisdiction to set same aside within twenty days after the giving of such notice; such notice being served on the said Mrs. Espa Standord on the 20th day of April, 1927."

(3) "I find that within 20 days after the giving of such notice, and on the 3d day of May, 1927, plaintiff filed this suit in this court for the purpose of setting aside said final ruling and award above mentioned."

(4) "I find that plaintiff served notice of its intention to appeal from said award on the defendant Chas. Jack Shipp in person by causing to be handed to him a written notice of its dissatisfaction with said ruling and decision of the Industrial Accident Board, such notice being served on the 27th day of April, 1927, and within 20 days after such award was made."

(5) "I find that at the time such notice was served upon the defendant Chas. Jack Shipp he had represented the defendant M. L. Fussell as his attorney of record before the Industrial Accident Board in procuring the above described award, and that he, the said Chas. Jack Shipp, was awarded a part of such compensation as a fee for representing the said Fussell before said board, and that he is the attorney of record for the said Fussell in this suit."

(6) "I find that on the 26th day of April, 1927, plaintiff mailed a registered letter addressed to the defendant M. L. Fussell at his home in Kentwood, La., containing a notice of plaintiff's unwillingness to abide by said award and to appeal therefrom, and that same was received by Clyde Fussell, the son of said M. L. Fussell, on the 28th day of April, 1927, and plaintiff received in the regular course of the mails a return receipt showing that such registered letter was delivered to the said Clyde Fussell."

(7) "I further find that on the 26th day of April, 1927, plaintiff mailed to the defendant M. L. Fussell another registered letter containing notice of its intention to appeal from such award, and requested a return receipt, and that such return receipt was returned to plaintiff in the due course of the mail, same being signed by A. B. Kemp. That the registered letter referred to in this paragraph was addressed to M. L. Fussell at Gladstell, Tex., which was the post office address furnished to the plaintiff by the employer of said Fussell in the accident report made out by said employer and furnished to the plaintiff."

(8) "I further find, however, that M. L. Fussell did not in fact ever personally receive either of the registered letters referred to in paragraphs 6 and 7."

(9) "I further find that before the expiration of the 20 days from the date of such award, the plaintiff employed a detective agency whose office and headquarters are in Houston, Tex., to send one of its operatives to serve such notice of its appeal on the said M. L. Fussell wherever he could be found. That such operative went to Cleveland, Tex., and served notice on Chas. Jack Shipp as aforesaid, and at Cleveland made inquiry of the defendant Chas. Jack Shipp and other parties as to the whereabouts of M. L. Fussell, and the such operative was advised by said Chas. Jack Shipp that he did not know where the defendant Fussell could be located. That such operative and agent of this plaintiff made diligent inquiry at Cleveland, Tex., and at Gladstell, Tex., to learn the whereabouts of said Fussell, and was informed that said defendant had returned to his former home in Kentwood, La. That Kentwood is something like 500 miles from Liberty county, Tex., and that in an effort to serve such notice of appeal on said defendant Fussell this plaintiff sent said agent to Kentwood, La., in an effort to find the defendant Fussell; all of this being done within

the 20 days after the date of said award. That the agent of the plaintiff called at the home of said Fussell in Kentwood, La., and was informed by Fussell's wife that he was in Texas, and that she did not know where he could be located there; that she had not heard from him for many weeks. That at the time said award was made the defendant Fussell had left the service of his former employer and plaintiff made diligent inquiry of said employer as to his whereabouts, but he could not be located."

(10) "I further find that plaintiff filed suit for the purpose of setting aside the above-mentioned award in the district court of Liberty county, Tex., on the 3d day of May, 1927. Citation on the original petition was duly issued out of this court on the 4th day of May, 1927, and same was served upon the defendant M. L. Fussell within four days after its issuance."

(11) "I further find that the defendant M. L. Fussell, during a portion of said 20-day period was absent from the state of Texas and in the state of Louisiana."

(12) "I find that the plaintiff exercised all reasonable diligence in undertaking to locate and serve defendant M. L. Fussell with notice of its dissatisfaction of said final ruling and decision of the Industrial Accident Board and of its intention to appeal therefrom, and that under the facts the court finds that the time for serving said Fussell should be extended beyond the 20-day period. I further find, however, that after the filing of this suit on May 3, 1927, plaintiff ceased its efforts to serve the said Fussell. That the filing of the suit and service of citation on the said defendant Fussell did not relieve the plaintiff of the necessity of serving him with the separate notice of its dissatisfaction with said award and of its intention to appeal therefrom. That if such notice had been served upon said defendant on the date that citation in this suit was served, I would find and hold that such notice was served in time, in view of the facts above stated, and that this court would have jurisdiction to hear and determine this cause."

### "Conclusion of Law.

"Upon the foregoing facts, I conclude as a matter of law that this court is without jurisdiction to hear and determine this cause, and therefore render judgment dismissing same."

The trial court's findings of fact, as shown above, stand unchallenged by either party to this appeal, but appellant challenges by a number of propositions the legal conclusion reached by the trial court upon the facts as found by him.

[1] One of appellant's contentions is, in substance, that, the trial court having found that personal notice of appellant's unwillingness to abide by the award having been given to the Industrial Accident Board and appellee's attorney within 20 days after the date of the award, and that this suit was filed by appellant within less than 20 days after such personal notice, the trial court was in error in dismissing this suit for want of jurisdiction. Appellant insists in this connection that personal notice to appellee's attorney of record that appellant was unwilling to abide by the board's award, and that it would file

suit to set the same aside, dispensed with the necessity of serving personal notice upon appellee himself of appellant's dissatisfaction with the award and its intention to file suit to set the same aside, and that the trial court should have so held. We overrule his contention of appellant, for the reason that the law (Vernon's Ann. Civ. St. 1925, art. 8307, § 5) required the personal notice to be served upon appellee himself as the "adverse party," and his attorney was not an adverse party in contemplation of the law in this suit. Harris et al. v. Texas Employers' Insurance Association (Tex. Civ. App.) 257 S. W. 998.

[2] Another contention made by appellant is, in substance, that at the time of the trial of this case in the district court, the act of the Fortieth Legislature (Acts 40th Leg. c. 223), dispensing with the necessity of giving personal notice to the adverse party of dissatisfaction with the Industrial Accident Board's award and an intention to file suit to set it aside was in effect, and that, therefore, the trial court was in error in dismissing this case for lack of jurisdiction, because of appellant's failure and inability to serve appellee with personal notice of appellant's dissatisfaction with the board's award and of its intention to file suit to set the same aside. Counsel for appellant contend in this connection that the matter of giving notice of dissatisfaction with the award and of an intention to file suit to set the same aside is a mere matter of procedure and not jurisdictional, and that since the act of the Fortieth Legislature changing the law which was in effect at the time of the board's decision in this case only required the board to be served with notice of its dissatisfaction and of its intention to file suit to set the award aside, the court was in error in dismissing this suit for lack of jurisdiction, but should have retained jurisdiction and proceeded to judgment. We overrule this contention. It is true that giving notice of dissatisfaction with the board's award and of intention to file suit to set the same aside is a matter of procedure; nevertheless, it was a jurisdictional matter without complying with which the district court could not acquire jurisdiction to hear and determine the suit. Appellant was bound to proceed under the law as it was at the time it was required to take steps to perfect its appeal from the award of the board. The act of the Fortieth Legislature dispensing with the necessity of personal notice to the appellee of appellant's dissatisfaction with the award and of its intention to file suit to set the same aside was not in effect at the time appellee sustained his injury, nor at the time of the board's decision and award, nor at the time appellant was required to give notice of its dissatisfaction therewith and its intention to set the same aside. This being true, the act of the Fortieth Legislature dispensing with personal notice to the

"adverse party" of dissatisfaction with the award and the intention to file suit to set it aside can have no effect in this case.

[3] As shown above, the trial court found, among other things, that during the 20-day period following the date of the board's award appellant used all reasonable diligence to serve appellee with personal notice of its dissatisfaction with the award and of its intention to file suit to set the same aside, and that appellant was unable to locate appellee, and that appellee was absent from the state of Texas during a portion of such 20-day period. In view of this unchallenged finding of fact, we think the trial court correctly held, as a matter of law, that the time for serving appellee with notice of appellant's intention to appeal from the award should be extended a reasonable length of time beyond said 20-day period. Harris v. Texas Employers' Insurance Association, supra.

[4] Appellant's third proposition is as follows:

"When an interested party, in an effort to appeal from the award of the Industrial Accident Board, is unable to serve the defendant with personal notice of appeal, as found by the court, and files suit on the 21st day following said award, and serves citation on the defendant on the 25th day after said award, such citation is such notice of plaintiff's intention to appeal and a separate notice of appeal need not be served at the same time the citation is served."

Appellant's fourth proposition is as follows:

"The court having found that the plaintiff was unable to find the defendant before the time citation was served and having found that the time for serving notice of appeal should be extended up to such time, should not have dismissed the suit for want of jurisdiction because a separate notice of appeal was not served at the time the citation was served, the citation itself being sufficient notice of appeal from said award."

We sustain both these propositions. As will be seen from the court's twelfth finding of fact above, appellant used all reasonable diligence to locate and serve appellee with personal notice of its dissatisfaction with the board's award and of its intention to file suit to set it aside, but after the use of such diligence appellant was unable to locate appellee and give him personal notice of its intention to appeal from the award within 20 days after the award was made. Being unable to find appellee, so that he might be served with personal notice, appellant out of precaution filed this suit before the expiration of 20 days after it had served notice on the Industrial Accident Board of its intention to appeal, and appellant had the right to file the suit at that time for its own protection; that is to say, the suit was not prematurely filed merely because personal notice of appeal had not been served upon appellee at that time. Harris et al. v. Texas Employers' Insurance Association, supra. Now, within four days after the suit was filed and citation immediately issued, appellee was served with citation in this suit, and we hold that such service of citation, under the facts of this case, was sufficient notice to appellee of appellant's dissatisfaction with the award of the board and of its intention to appeal therefrom. It could not have served appellee at that time with any stronger notice of its intention to appeal than was done by the service upon him of the citation. The law does not require impossible or foolish things. The suit having already been filed, it would have been nonsensical if appellant, at the time of serving the citation upon appellee in this case, had also given him a separate notice that it would file suit to set the board's award aside. We can see no reason whatever for requiring a separate notice to appellee of appellant's intention to appeal from the board's award at the time the citation in this case was served upon him. If the trial court's legal conclusion to the effect that the time for serving appellee with notice of appellant's dissatisfaction with the board's award and of its intention to file suit to set the same aside should, under the facts in this case, be extended up to the time of the service of citation in this case, then there could be no sense and no reason for requiring appellant to serve appellee with a separate personal notice of its intention to appeal at the time he was notified of that fact by the service of citation upon him.

We agree with learned counsel for appellee in his contention to the effect that according to the law at the time of this transaction appellant, in order to perfect its appeal from the board's award, was required to give notice to the board and to appellee of its dissatisfaction with the award and of its intention not to abide by the same within 20 days after the award was made, and to thereafter file suit within 20 days in a court of competent jurisdiction to set the award aside. Ordinarily, both of these steps would have been necessary in order to give jurisdiction to the court to entertain suit to set the award aside, and the authorities cited by counsel for appellee in his brief clearly so hold. But, under the facts of this particular case, as found by the trial court, appellant was unable, by the use of all reasonable diligence, to find appellee, and therefore it could not serve him with notice of its dissatisfaction and its intention to appeal from the award, and, having given the Industrial Accident Board due notice of its dissatisfaction and intention to appeal, and having filed this suit within due time after such notice, and having served appellee with citation in this case as soon as it could, appellant did all that was reasonably within its power to perfect its appeal in this case, and the trial court should not have dismissed this case for want of jurisdiction. We

think this is the logic and reason underlying the decision in the case of Harris et al. v. Texas Employers' Insurance Association, supra.

It follows from these conclusions that the trial court's judgment should be reversed and the cause remanded to that court for trial.

[5] We have not overlooked appellee's motion to strike out appellant's brief in this case, based on the ground that it was filed too late, having been filed on the day this cause was submitted in this court. Had counsel for appellee not filed his brief, we would have been compelled to sustain this motion, but counsel for appellee filed a brief for appellee in this cause two days before submission, and counsel for appellee states in his brief, in substance, that it covers the entire case. We are unable to see how appellee could be prejudiced in any way by the failure of appellant to file its brief in accordance with the rules governing this court. We do not mean to be understood as encouraging appellants in their failure to file briefs according to the rules governing the briefing of causes in this court, but we merely hold in this case that, since it is apparent that appellee was not prejudiced in any way on account of appellant's failure to timely brief this case, there would be no reason for striking appellant's brief. Our views on the failure of appellants to brief causes in this court will be found expressed in the case of West Louisiana Bank v. Terry (Tex. Civ. App.) 229 S. W. 639.