## TEXAS EMPLOYERS' INS. ASS'N v. BRIDGES. (No. 3489.)

Court of Civil Appeals of Texas. Texarkana. Jan. 5, 1928.

**1. Master and servant ⚌417(4½)—Compensation claimant, unwilling to abide by decision, must give personal notice to insurer and Industrial Accident Board within 20 days (Rev. St. 1925, art. 8307, § 5).**

Under Rev. St. 1925, art. 8307, § 5, personal notice to Industrial Accident Board and to employer within 20 days from board's decision is prerequisite to employee's suit to set aside board's decision.

**2. Master and servant ⚌417(4½)—Letter advising insurer of unwillingness to abide by Industrial Accident Board's decision, sent to board, held insufficient notice (Rev. St. 1925, art. 8307, § 5).**

Under Rev. St. 1925, art. 8307, § 5, requiring personal notice to employer and Industrial Accident Board within 20 days from board's decision of unwillingness to abide thereby, notice of unwillingness to abide by decision, addressed to employer's insurer, but received by board, did not authorize suit to set aside board's decision.

**3. Master and servant ⚌417(4½)—Amendment of statute effective more than 20 days after Industrial Accident Board's decision held not to render notice unnecessary (Rev. St. 1925, art. 8307, § 5, as amended by Gen. & Sp. Laws 1927, c. 223).**

Where amendment of March 30, 1927 (Gen. & Sp. Laws 1927, c. 223), did not become effective until after expiration of 20-day period after decision of Industrial Accident Board, notice of unwillingness to abide by board's decision required by Rev. St. 1925, art. 8307, § 5, was not rendered unnecessary thereby.

**4. Master and servant ⚌417(9)—Compensation claimant's petition held to entitle him to no more than $900.**

In suit by employee under Workmen's Compensation Law to set aside Industrial Accident Board's decision and for compensation for injury, petition *held* to entitle plaintiff to no more than $900 as against employer's insurer, under Rev. St. 1925, §§ 8306, 8307.

Appeal from District Court, Delta County; Grover Sellers, Judge.

Proceeding under the Workmen's Compensation Law by Harvey W. Bridges, claimant, opposed by the Gulf States Telephone Company, employer, and the Texas Employers' Insurance Association, insurer. The Industrial Accident Board denied the claim, and claimant sues to set aside the board's order and to recover compensation from the insurer. From a judgment for the claimant, the insurer appeals. Reversed and remanded.

May 20, 1926, appellee, Harvey W. Bridges, having climbed a telephone pole about 21 feet high to near its top, was engaged in loosening wires on the pole, when it fell to the ground, causing injury to his person. The pole belonged to the Gulf States Telephone Company, at that time a "subscriber" within the meaning of the Workmen's Compensation Law (articles 8306 to 8307, R. S. 1925), and insured as such by a policy issued to it by appellant. On the theory that the injury he suffered was in the course of his employment as an employee of said telephone company and that he therefore was entitled to demand and receive compensation for same of appellant, appellee in due time filed a claim for such compensation with the Industrial Accident Board. Said board having denied his claim, appellee, in due time, commenced this suit to set aside the board's order and to recover such compensation of appellant. In its answer, appellant denied generally the allegations in appellee's petition, and specially denied the allegation therein that appellee was an employee of the telephone company at the time of the accident. Special issues were submitted to the jury, and they found as follows: (1) That appellee was an employee of the telephone company at the time the accident occurred; (2) that as a result of the fall he suffered the injuries he complained of; (3) that such injuries incapacitated him for work; (4) that such incapacity was total; (5) and permanent; (6) that the average daily wages earned by persons engaged in the kind of work he was engaged in was $2.50 per day; (7) that he expended $26.20 "for necessary medicine during the first four weeks of his injuries"; (8) and expended $40 for services of a physician during that time. On the findings specified, the court rendered judgment against appellant in appellee's favor for sums as follows: $495, "representing 60 per cent. of his average weekly wages for a period of 55 weeks beginning on May 29, 1926, and ending June 18, 1927"; $3,505, "representing 60 per cent. of his average weekly wages from June 18, 1927, and covering a period of 345 weeks from said date"; $40, "the amount expended for the services of a physician during the first four weeks after the injury"; $26.20 expended for medicine during said four weeks; "interest at the rate of 6 per cent. per annum" from the date of the judgment until paid on the $495, $40, and $26.20 adjudged to appellee; and costs of suit.

Leachman & Gardere, of Dallas, for appellant.

O. C. McKinney and Chas. D. Berry, both of Cooper, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] By the terms of the statute (section 5, art. 8307, R. S. 1925) in force at the time this suit was commenced, it was indispensable to the power of the trial court to grant the relief prayed for that appellee,

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

within 20 days after the Industrial Accident Board rendered its decision, should have given personal notice to appellant, and also to said board, of his unwillingness to abide by said decision. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084. Appellant insists appellee did not prove he had complied with said requirement of the statute, and that the judgment against it therefore was unauthorized.

[3] In the record before us, the evidence as to the matter consists alone, it seems, of a copy of a letter written by appellee's attorney to appellant December 21, 1926 (which was five or six days after said decision was rendered), advising appellant that appellee would not abide by said decision, but within 20 days from the date of said letter would file suit against appellee. The letter, it appears from the copy, was indorsed as follows: "Industrial Accident Board, Dec. 23, 1926, State of Texas." The witness Miss Willie Robertson testified she mailed "an identical notice of that kind" to appellant. Appellee insists it should be assumed that the "identical notice" Miss Robertson referred to was the letter indorsed as stated above. But, if such an assumption should be indulged, and if a further assumption that the indorsement on the letter showed it to have been received by the Industrial Accident Board December 23, 1926, should be indulged, we think it still would not appear that the requirement of the statute had been complied with. The letter referred to was not addressed to the Industrial Accident Board, but to appellant. That fact indicated that the notice intended for appellant was missent to the board, and that, if the "identical notice" Miss Robertson referred to was that letter, appellant never received it, and therefore never had notice that appellee would not abide by the decision of the board. We do not think compliance with the requirement of the statute referred to as to notice of unwillingness to abide by the decision of the board was rendered unnecessary by the amendment of March 30, 1927 (General Laws, p. 328). The amendment did not become effective until long after the expiration of the 20 days within which such notice must have been given.

[4] Another contention presented by appellant, which we are inclined to think also should be sustained, is that appellee's pleadings did not warrant judgment in his favor for a greater sum than $900. Paragraph 5 of appellee's petition was as follows:

"Plaintiff further alleges that, by reason of the injuries complained of hereby, by reason of the physical pain and mental anguish, and by reason of the reduced earning capacity and ability to work and earn money, the plaintiff has been damaged in the sum of $750; that the defendant is due the plaintiff that sum of money as compensation for the injuries of the plaintiff on account of said injuries under the Workmen's Compensation Law, and by reason of the fact that the defendant has written a contract of insurance, insuring the employees of the Gulf States Telephone Company.

"Plaintiff alleges that he has been further damaged and is entitled to compensation from the defendant by reason of the fact that he has been required to pay and has contracted to pay for medicine necessary for the use of himself because of said injuries in the sum of $50, and for services of a physician the sum of $100, all of which sums the defendant is liable to pay under the Workmen's Compensation Law."

The prayer of the petition was that appellee—

"be declared to be entitled to compensation from the defendant under the provisions of the Workmen's Compensation Law, together with legal interest thereon, for the amounts pleaded in paragraph 5 for medicines and medical services," etc.

Contentions appellant is entitled to make here, not disposed of by what has been said, are overruled.

The judgment is reversed, and the cause is remanded to the court below for a new trial.