## NEW AMSTERDAM CASUALTY CO. v. PATTON. (No. 9336.)

Court of Civil Appeals of Texas. Galveston. Nov. 12, 1929.

Rehearing Denied Dec. 5, 1929.

Andrews, Streetman, Logue & Mobley and S. J. Thomas, all of Houston, for appellant.

Cole, Cole, Patterson & Kemper, of Houston, for appellee.

GRAVES, J. The appellee was injured on November 2, 1926, while in the course of his employment by Horton & Horton, for whom appellant was the insurer under the Texas Workmen's Compensation Law; he duly presented his claim for compensation to the State Industrial Accident Board, which on March 28, 1928, made its final ruling and decision thereon, awarding him a recovery against appellant for $20 per week for 401 weeks, less payments the insurer had already made.

Appellant, within 20 days after the entry of such final ruling, that is, on April 16, 1928, filed with the Industrial Accident Board—pursuant to the act of the Fortieth Legislature, chapter 223 (General and Special Laws 40th Leg. 1927, p. 328), amending section 5 of article 8307 of the 1925 Revised Statutes—notice of its intention to appeal from this award, giving no such notice, however, to the appellee as previously required by such section 5 of article 8307, and within 25 days after that date, or on May 4, 1928, filed this suit to set it aside in the court below, which was one of competent jurisdiction in the county where the injury occurred.

The learned trial judge sustained a plea to the jurisdiction on the ground that, the appellee having been injured in 1926 when the act last referred to required the notice of a refusal to abide by the board's final ruling to be given both to the adverse party and to the board, appellant's attempt to so appeal to the courts without it was ineffective, and dismissed the suit; from that action this appeal regularly proceeds, presenting here the sole question as to which one of the two cited statutes governed, that in force at the time of the injury, or the amendment that had become effective at the time appellant was required to perfect its resort to the courts.

We think the latter act controlled; that statute, which appellant in all respects complied with, was enacted by the Fortieth Legislature in 1927, becoming effective on June 10th of that year, so was in force when the board's award was entered in 1928, and only required the notice of refusal to abide by it to be filed with the Accident Board, whereas section 5 of article 8307 required that it be given to the adverse party also; while the giving of such a notice is undoubtedly a jurisdictional element (Texas Employers' Insurance Association v. Fussell [Tex. Civ. App.] 1 S.W.(2d) 404), it is also essentially procedural and remedial in its nature, pertaining only to the manner in which an award may be taken on into the courts, and not having to do with any substantive or vested right of the adverse party; its administration in the courts, therefore, seems to us to fall within the rule applied by that class of cases holding that a mere remedy, either in or outside of the courthouse, that does not impair the obligations of a contract or other vested right may be changed at the will of the Legislature without legally aggrieving any party affected thereby (Life Insurance Co. v. Wolters [Tex. Com. App.] 10 S.W.(2d) 698, Odum v. Garner, 86 Tex. 374, 25 S. W. 181).

So far as we can see, the precise question has not been directly decided by any of our appellate courts, but the principle thought to be applicable has been thus stated by the Beaumont Court of Civil Appeals in a case to which this amendment was not applicable, because it had not gone into effect when the award there involved was made. Insurance Association v. Fussell, 1 S.W.(2d) 404, 406: "Appellant was bound to proceed under the law as it was at the time it was required to take steps to perfect its appeal from the award of the board."

An inference, too, we think, might be indulged that the Texarkana Court of Civil Appeals would have held this amendment applicable, had it been in effect at the date of the board's award there under consideration, from this expression in Insurance Association v. Bridges, 1 S.W.(2d) 702, 703: "We do not think compliance with the requirement of the statute referred to as to notice of unwillingness to abide by the decision of the board was rendered unnecessary by the amendment of March 30, 1927, General Laws, p. 328. The amendment did not become effective until long after the expiration of the 20 days within which such notice must have been given."

No useful purpose, it would seem, could be subserved by an attempt to here review the array of authorities so ably presented by the appellee's counsel as compelling a different view, since in our opinion they do not rest upon the legal equivalent of the facts here obtaining, having to do with a subsequent change in some substantive or vested right of either the claimant or the insurance company existing at the time of the injury; under all the authorities, these may not be adversely affected by a subsequent amendment of the law; of this sort were the cases of Surety Company v. Lucero (Tex. Civ. App.) 218 S. W. 68, and Indemnity Company v. Wilson (Tex. Civ. App.) 17 S.W.(2d) 68, in the former of which a 12 per cent. attorney's fee was attempted to be provided in the subsequent amendment, while in the latter substantial changes were made in the way claims for extraterritorial injuries should be prosecuted, with preclusion of any recovery under

542

our laws if the injured man elected to accept compensation under those of the State where his injury occurred; in another relied upon case, Industrial Commission v. Agee, 56 Utah, 63, 189 P. 414, the court held that, were the amendment involved applied, the claimant would be left no remedy nor right of appeal from an award of the Industrial Commission.

The amendment by the Fortieth Legislature in this instance took away no right from the appellee, except the mere privilege of being directly served with a notice that the casualty company would not abide by the award as ending the controversy; his compensation rate was not affected, neither was his right of recovery nor status in any other substantive respect altered in any way; the single change made was in the manner in which his adversary might perfect its resort to the courts from an award unfavorable to it.

It follows, from these conclusions, that the trial court erred in refusing to take jurisdiction and dismissing the suit; the judgment has been reversed and the cause remanded, with instructions that it be duly tried upon its merits.

Reversed and remanded, with instructions.