PATTON v. NEW AMSTERDAM CASUALTY CO.

No. 1433—5641.

Commission of Appeals of Texas, Section A.
April 1, 1931.

Cole, Cole, Patterson & Kemper, W. L. Kemper, and Robert L. Cole, all of Houston, for plaintiff in error.

Andrews, Streetman, Logue & Mobley, of Houston, for defendant in error.

HARVEY, P. J.

On November 2, 1926, the plaintiff in error, R. R. Patton, who was an employee of Horton & Horton, sustained a personal injury in the course of his employment. The defendant in error, New Amsterdam Casualty Company, was the insurer under the Workmen's Compensation Law. Patton, in due time, presented his claim for compensation to the State Industrial Accident Board, and, on March 28, 1928, that board duly made its final decision awarding Patton compensation at the rate of $20 per week for 401 weeks, less payments already made. The casualty company, within twenty days after entry of said decision of the board, filed with the board notice of the refusal of the company to abide by said decision. No such notice was given to Patton. Thereafter, on May 4, 1928, the casualty company filed this suit in district court of Harris county, to set aside said decision of the board. The trial court sustained Patton's plea to the jurisdiction of the court, and dismissed the case. The plea was predicated on the failure of the company to give Patton notice of the company's refusal to abide by said decision of the board, within twenty days from the date of said decision. The Court of Civil Appeals reversed the judgment of the trial court, and remanded the cause for trial on the merits. 22 S.W. (2d) 540.

Prior to the year 1927, section 5 of article 8307, of the Workmen's Compensation Law (Rev. St. 1925), provided that: "Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision."

By an act passed in 1927, which became effective June 10, 1927 (Act 40th Leg. c. 223, § 1. [Vernon's Ann. Civ. St. art. 8307, § 5]), the above provision of the statute was so amended as to require only the filing of said notice with the Industrial Accident Board. The sole question presented for decision is whether or not the mode of giving notice by the casualty company, of its refusal to abide by said decision of the board awarding compensation to Patton, is controlled by this statutory provision as so amended. A decision of this question involves the further question as to whether the provision, as amended, if given controlling force in this instance, will impair the obligation of a contract. If it will, then it cannot be applied here, for the reason that the Legislature is prohibited, by section 16, article 1, of the state Constitution, as well as by a similar provision of the federal Constitution (art. 1, § 10), from impairing the obligation of contracts.

The legal relation which arises between the employee, the employer, and the insurer, who bring themselves within the scope of operation of the Workmen's Compensation Statutes, is contractual. Southern Casualty Company v. Morgan (Tex. Com. App.) 12 S.W.(2d) 200; Lumbermen's Reciprocal Ass'n v. Henderson (Tex. Com. App.) 15 S.W.(2d) 565; Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 195. By implication, the statutes then existing become part of the contract. This, in a sense, includes the provisions of the statutes which deal with the matter of remedy. The law, however, does not imply a purpose on the part of the parties to make such remedial provisions a part of the "obligation" of the contract. In presuming that the parties entered into the contractual relation in contemplation of the remedies afforded by the statutes, the law further presumes that the power of the Legislature to substitute other remedies was contemplated. Consequently, subsequent legislation, which effects a change in this respect, is not rendered invalid, as to said parties, by the constitutional provision against the impairment of the obligations of contracts, if an adequate remedy is left available. Farmers Life Insurance Co. v. Wolters (Tex. Com. App.) 10 S.W.(2d) 698.

The statutory provision involved in this controversy, as it existed prior to the 1927 amendment, related merely to the mode of procedure by which the decision of the Industrial Accident Board might be vacated; and the remedy in this respect, which the statute afforded after it was amended, is adequate for this purpose. The casualty company having fulfilled the requirements of the statute, as amended, the trial court erred in refusing to take jurisdiction of the suit.

We recommend that the judgment of the Court of Civil Appeals, reversing the trial court's judgment, be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.