**PETROLEUM CASUALTY COMPANY, Appellant,**

**v.**

**Mrs. Sara F. CANALES et al., Appellees.**

**No. 16127.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 23, 1973.

Rehearing Denied Oct. 4, 1973.

Charles W. Matthews, Houston, for appellant.

Brown & Haden, Charles M. Haden, Houston, for appellees.

PEDEN, Justice.

Suit brought under the Workmen's Compensation Act. Insurance carrier appeals from a judgment based on a jury verdict awarding death benefits plus medical and funeral expenses to Mrs. Canales and her minor children as a result of the death of her husband.

The first of the two questions presented by this appeal is whether sufficient evidence was presented at the trial to support

the jury's finding that Mrs. Canales had good cause for failure to file a claim for compensation with the Industrial Accident Board within six months after her husband's death.

Mr. Canales was employed as a landscape foreman by Clear Lake City Corp. On February 2, 1968, while helping his men dig a ditch, he felt sick. He was admitted to a hospital and died on February 5, 1968 of an acute myocardial infarction.

A claim for compensation was not filed until February or March of 1969, about a year after his death. We briefly review Mrs. Canales' testimony: Prior to filing the claim she had not received any claim forms from the Industrial Accident Board or from her husband's employer. She had attended school in Mexico, where she lived for fifteen years, but did not go beyond the sixth grade. She has no working knowledge of English. She believed her husband's employer would "take care of whatever was necessary in connection with the Workmen's Compensation." She did not consult an attorney until about a year after her husband's death and it was not until that time that she learned of her right to death benefits under the Workmen's Compensation Act.

Mrs. Canales' testimony was the only evidence adduced at the trial bearing on good cause for her failure to timely file her claim. There is no evidence that she was misled or influenced by anyone to delay its filing.

■ In relying on good cause for failure to file within a statutory period, the claimant is charged with the duty of prosecuting his claim with that degree of diligence which a reasonably prudent person would have exercised under the same or similar circumstances. Although the question of whether the claimant used the degree of diligence required is ordinarily one of fact, the evidence in a particular case may point to a lack of diligence on the part of the claimant as the only reasonable

conclusion and this then becomes a question to be decided as a matter of law. Texas Employers Insurance Association v. Brantley, 402 S.W.2d 140 (Tex.Sup.1966).

■ As a matter of law, there is no evidence in our case to support the finding of good cause for the one-year's delay in filing Mrs. Canales' claim. As the Texas Supreme Court pointed out in Allstate Insurance Co. v. King, 444 S.W.2d 602 (1969), "ignorance of the six-months' filing requirement will not excuse a failure to comply therewith."

Mrs. Canales' petition stated that she appeared individually and as next friend for the three minor children of her deceased husband and herself. Her uncontradicted testimony during the trial was that they were then twelve, ten and eight years old, respectively.

■ The disqualification of minority constitutes good cause for failure to file a compensation claim. In this case Mrs. Canales came forth as next friend for the three minor children when she filed the claim for them, so good cause continued until that moment. Latcholia v. Texas Employers Ins. Ass'n, 140 Tex. 231, 167 S.W.2d 164 (1942); Nunnery v. Texas Casualty Insurance Co., 362 S.W.2d 865 (Tex.Civ.App.1962, no writ).

For this reason, the trial court did not err in entering judgment for the minor plaintiffs.

The second question presented by this appeal is: should Sec. 7a of Art. 8307, Vernon's Texas Civil Statutes, be applied retroactively to the filing of Mrs. Canales' claim?

Sec. 7a, which was added to Art. 8307 effective August 30, 1970, provides:

"Where the association or subscriber has been given notice or the association or subscriber has knowledge of an injury or death of an employee and fails, neglects, or refuses to file a report thereof

as required by the provisions of Section 7 of this Article, the limitation in Section 4a of this Article, in respect to the filing of a claim for compensation shall not begin to run against the claim of the injured employee or his dependents entitled to compensation, or in favor of either the association or subscriber until such report shall have been furnished as required by Section 7 of this Article."

Our Supreme Court stated in State v. Humble Oil & Refining Co., 141 Tex. 40, 169 S.W.2d 707 (1943):

"It is the law of this State, and the law generally, that, in the absence of any special indication or reason, a statute will not be applied retrospectively, even when there is no constitutional impediment against it. Stated in another way, it is the rule that statutes will not be applied retrospectively unless it appears by fair implication from the language used that it was the intention of the Legislature to make it applicable to both past and future transactions."

■ We find no words in this statute which indicate a legislative intent to apply its provisions to past transactions.

Was the subject matter of Sec. 7a procedural or substantive? Procedural law "pertains to practice and procedure," or the legal machinery by which the substantive law is made effective. . ." Substantive law " . . . is that part of the law which creates duties, rights and obligations; the law which relates to rights and duties which give rise to a cause of action; that part of the law which courts are established to administer; the positive law of duties and rights which give rise to a cause of action." 52A C.J.S. Law, p. 741.

We agree with appellee Mrs. Canales that Sec. 7a of Art. 8307 deals with a procedural matter rather than a substantive one. It concerns the time within which a claimant must initiate a claim; it does not concern rights and duties which give rise to the claim. See New Amsterdam Casual-

ty Co. v. Patton, 22 S.W.2d 540 (Tex.Civ. App.1929, aff., Tex.Com.App., 36 S.W.2d 1000, 1931).

As we stated in Brooks v. Texas Employers Insurance Assoc., 358 S.W.2d 412 (1962, writ ref. n. r. e.) and in Bardwell v. Anderson, 325 S.W.2d 929 (1959, writ ref. n. r. e.).

" 'The general rule is that in the absence of an express intention to the contrary, legislation dealing with a procedural matter applies to pending litigation to the extent that subsequent steps in the case are to be taken under the new rule. Past steps taken under a rule or statute will not be affected, but subsequent steps will be governed by the new rule provided a reasonable time is afforded in which to take them. A remedy must not be denied by entirely eliminating it or be so unduly limited as to amount to a denial of it, such as by changing the time within which it may be resorted to so that it cannot as a practical matter be asserted. Walker v. Lyles, Tex.Civ.App., 45 S.W.2d 315, affirmed Tex.Com.App., 124 Tex. 38, 72 S.W.2d 1113; Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905; Hunter v. Moore, Tex.Com.App., 122 Tex. 583, 62 S.W.2d 97; Red v. Bounds, Tex.Com.App., 122 Tex. 614, 63 S.W.2d 544.' "

In our case the significant dates were:

| | |
|---|---|
| Feb. 5, 1968 | Mr. Canales died. |
| Feb. or Mar. 1969 | Mrs. Canales filed claim with I.A.B. |
| Mar. 1969 | Employer filed report of death with I.A.B. |
| Apr. 17, 1969 | I.A.B. denied Mrs. Canales' claim. |
| May 7, 1969 | Petition filed in this cause in District Court appealing denial of claim. |
| June 4, 1969 | Defendant in this cause filed its answer. |
| Aug. 30, 1971 | Sec. 7a of Art. 8307 went into effect. |
| Oct. 17, 1972 | Trial of this cause began. |

■ Appellee contends that the six month period within which the claim must be filed with the Industrial Accident Board

did not begin to run against her until the insurance carrier filed its claim in March of 1969. We do not agree with this position. Under the law in effect when Mr. Canales died and still effect when Mrs. Canales filed her claim in February or March of 1969, she was required by Sec. 4a of Art. 8307 to have filed such claim by August 5, 1968 (within six months after his death) or show good cause for her failure to do so; in view of our holding that she did not, as a matter of law, have good cause for her late filing of the claim, she met neither of these requirements, so her rights were extinguished in 1968 and cannot be revived in 1971 by a procedural amendment to the law that, as we have noted, "applies to pending litigation to the extent that subsequent steps in the case are to be taken under the new rule."

The Texas Supreme Court held in Wilson v. Work, 122 Tex. 545, 62 S.W.2d 490 (1933),

"The rule is well settled that procedural statutes may apply to suits pending at the time they become effective, but even a procedural statute cannot be given application to a suit pending at the time it becomes effective if to do so would destroy or impair rights which had become vested before the act became effective. In this connection it is the settled law that, after a cause has become barred by the statute of limitation, the defendant has a vested right to rely on such statute as a defense. Cathey v. Weaver, 111 Tex. 515, 242 S.W. 447; Grigsby v. Peak, 57 Tex. 142; 9 Tex.Jur. p. 534, § 100. We here refer to 9 Tex.Jur. pp. 527 to 535, and notes, for general discussion of vested rights and retroactive laws."

We consider that the rule applied to changes in statutes of limitation is also applicable here. Justice Werlein stated for this court in Southern Pacific Transport Co. v. State, 380 S.W.2d 123 (1964, writ ref.), "Article 1, § 16, of the Texas Constitution provides: 'No bill of attainder, ex post facto law, retroactive law, or any law

impairing the obligation of contracts, shall be made.' It is our view that the proper interpretation of such provision as it affects appellant's vested right to plead the statutes of limitation was announced by our Supreme Court in Mellinger v. City of Houston, 1887, 68 Tex. 37, 3 S.W. 249, as follows: ' " * * * or if an attempt were made by law, either by implication or expressly, to revive causes of action already barred, such legislation would be retrospective, within the intent of the prohibition, and would therefore be wholly inoperative." ' "

We reverse and render that part of the trial court's judgment awarding a recovery to Mrs. Canales; as to the recovery of attorney's fees by plaintiffs' attorneys of record, we reform the judgment to reduce such fees by $2,055.02, the amount which was attributable to their recovery in behalf of Mrs. Canales, and we affirm the judgment in favor of the Canales' three minor children.

*Reversed and rendered in part, reformed in part and, as reformed, affirmed.*